## Commonwealth v. Rugh

*Clinton R. Weidner*, District Attorney, for Commonwealth.

*Kenneth W. Hess*, for defendant.

SHUGHART, P. J., May 26, 1959.—The above defendant was charged with a speeding violation on the Pennsylvania Turnpike on March 13, 1959, in Upper Mifflin Township, before Justice of the Peace Sadie Weaver. He waived hearing before the justice of the peace and the matter was heard before the court. At the conclusion of the case, the court indicated that there would be a finding of guilty as charged unless defendant should prevail in the legal question which was raised by the stipulation filed.

The question presented is whether defendant was charged before the nearest available magistrate. It is conceded by the stipulation that if, under the existing statutes, defendant could be taken to the magistrate nearest an emergency exit instead of at a regular interchange, then the prosecution was properly brought.

The acts of assembly governing such action are embodied in section 1201 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §731. This section was amended twice in 1957.

As a result of this dual amendment the Attorney General rendered an opinion to the Commissioner of the Pennsylvania State Police on October 7, 1957: Amendments to Vehicle Code, 14 D. & C. 2d 325. In that opinion the Attorney General stated, on page 327,

that section 1201 should be considered as providing that in the case of summary violations on the Pennsylvania Turnpike informations "shall be brought before the available magistrate within the county where the alleged violation occurred who is nearest in either direction to the first exit or interchange or *emergency exit* from that part of the turnpike or highway where the alleged violation occurred, . . .". (Italics supplied.)

We are in accord with this interpretation and there can be no doubt that the information may be laid before the magistrate nearest to an emergency exit where that magistrate is nearer to the scene of the location of the offense than a magistrate reached from the interchange: Commonwealth v. Matthews, 17 D. & C. 2d 491.

In the instant case it appears from the stipulation that defendant was traveling eastwardly on the turnpike when the alleged violation occurred, whereas the emergency exit used for access to Justice of the Peace Weaver's office is from the westbound lane of the turnpike. Therefore, in order to take defendant to the justice of the peace office, it was necessary for the police officer to cross the medial strip.

Counsel for defendant contends that the words of the statute "from that part" should be interpreted as if it read "from that side" and therefore the Weaver office being reached from the opposite side of the turnpike was not the nearest. It is conceded by the district attorney that if defendant's construction of the act is adopted, then the prosecution was not before the nearest available magistrate.

We have found no authorities which support defendant's contention.

In Commonwealth v. Jones, 1 D. & C. 2d 705, Judge Sheely said, at page 709, that the prosecution should

be limited to the magistrate nearest the interchange "at which a motorist in that traffic lane could leave the turnpike." This decision, however, was rendered prior to the recent amendments and at a time when section 1201 was interpreted as not permitting prosecutions before magistrates reached by the use of emergency exits.

The Pennsylvania Turnpike Commission has the power to make necessary rules and regulations for its own government: Act of May 21, 1937, P. L. 774, sec. 4, 36 PS §652d, and similar provisions of the various extensions. See Pennsylvania Turnpike Philadelphia Extension Act of May 16, 1940, P. L. 949, 36 PS §653e; Western Pennsylvania Turnpike Extension Act of June 11, 1941, P. L. 101, 36 PS §654e; Act of July 16, 1941, P. L. 386, 36 PS §655.5; Pennsylvania Turnpike Delaware River Extension Act of May 23, 1951, P. L. 335, 36 PS §658.6; Pennsylvania Turnpike Northeastern Extension Act of September 27, 1951, P. L. 1430, 36 PS §660.6; Pennsylvania Turnpike Northwestern Extension Act of July 28, 1953, P. L. 706, 36 PS §668.6; Pennsylvania Turnpike Southwestern Extension Act of June 14, 1955, P. L. 174, 36 PS §669.6.

The Vehicle Code of 1929, sec. 1034, as amended by section 1 of the Act of June 21, 1947, P. L. 799, 75 PS §643, gives legal effect to the rules and regulations promulgated and provides a penalty for the violation thereof. Thees rules and regulations of the Pennsylvania Turnpike Commission generally prohibit the crossing of the medial strip and the making of U-turns: Rules VII and VIII. However, exceptions to these regulations give authority to the turnpike police to cross the medial strip and to make U-turns in pursuit of violators of the law, and generally to cross the medial strip and make U-turns in the performance of their duties at designated points where provisions have been made therefor.

These regulations were in force prior to the amendments to section 1201 of The Vehicle Code in 1957.

When users of the highway are arrested for traffic violations and taken before justices of the peace from emergency exits, it is the vehicle of the State Police only that has permission to leave the turnpike by the emergency exit, and this whether the exit is on the side of travel of the user or whether it is necessary to cross the medial strip in making the exit.

In view of this fact it is inconsequential whether the exit from the turnpike is on the side on which the user is traveling or whether it be on the other side.

Since the legislature must be deemed to have been aware of these regulations of the turnpike, 75 PS §643 ante, and the manner in which they were carried out at the time the amendments were adopted, we feel there is no justification in limiting the language of the statute, as suggested by the counsel for defendant. We feel, therefore, that the language used in the statute permits the information to be made before the magistrate nearest to the interchange or emergency exit irrespective of whether the emergency exit is on the side of travel or on the opposite side from that used by the alleged violator. Therefore, the objection here that defendant was not taken before the nearest magistrate is not well taken.

### Order

And now, May 26, 1959, at 2:30 p.m., for the reasons given, and after hearing testimony in the above matter, defendant, Kenneth A. Rugh, is found guilty as charged.

It is further directed that he appear for sentence before this court on Tuesday, June 16, 1959, at 9 a.m., unless prior to that time he shall have paid the costs of this proceeding and a fine of $10 to the use of Upper Mifflin Township, to the probation officer of Cumberland county.